IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAWN SAUCIDA and JOHNNY SAUCIDA, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SWAFFORD & HAYS SETTLEMENT SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER: 05-669<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, **DAWN SAUCIDA** and **JOHNNY SAUCIDA**, individually and on behalf of all similarly situated individuals, and for complaint against the Defendant, **SWAFFORD & HAYS SETTLEMENT SERVICES, INC.** asserts as follows:

### I. INTRODUCTION

1. This action is brought on behalf of residential mortgage borrowers who have received settlement services from Defendant in connection with the closing of their loans. In connection with these closings Plaintiffs and the class members were charged and paid fees for certain settlement services. These services were provided as a condition to a federally related home loan. The defendant is in the business of providing settlement services as that term is defined by 12 U.S.C. § 2602(3) and 24 C.F.R. § 3500.2(b).

2. Defendant has engaged in a uniform, systematic pattern and practice of charging borrowers excessive and unearned fees for settlement services in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*

3. Under RESPA related regulations and policy statements and other pronouncements by the Department of Housing and Urban Development (HUD), fees for settlement services are unearned when:

> one settlement service provider marks up the cost of the services performed or goods provided by another settlement service provider without providing actual, necessary, and distinct services, goods, or facilities to justify the additional charge; or one settlement service provider charges the consumer a fee where no, nominal, or duplicative work is done, or the fee is in excess of the reasonable value of goods or facilities provided or the services actually performed.
>
> HUD Statement of Policy 2001-1, Part C, § (8)(b), Unearned Fees (24 C.F.R. Part 3500) ("HUD Statement of Policy 2001-1 ").

4. HUD further clarified its position regarding the mark up of settlement services on its website at, http://www.hud.gov/offices/hsg/sfh/res/resindus.cfm, where it states:

> ☐ **Fee splitting**
>
> 24. Can a lender charge a borrower a fee for sending documents via courier and disclose it on the HUD-1 where in fact the borrower stops by the lender's office and picks up the documents instead?
>
> No, because the charge for the courier service does not represent a charge for work actually performed which can be imposed on the borrower.
>
> 25. Can a lender collect from the borrower an appraisal fee of $200, listing the fee as such on the HUD-1, yet pay an independent appraiser $175 and collect the $25 difference?
>
> No, the lender may only collect $175 as the actual charge. It is a violation of Section 8 (b) for any person to accept a split of a fee where services are not performed.

5. In spite of HUD's guidance, which could not be clearer, Swafford and Hays Settlement Services, Inc. has closed hundreds of loans and on information and belief all or

substantially all of these transactions included unlawful, excessive and unearned fees for settlement services and/or filing fees. Accordingly, Plaintiffs are pursuing this case as a class action.

## II. THE PARTIES

6. Plaintiffs Johnny Saucida and Dawn Saucida reside at 7154 San Marino Drive, Theodore, Alabama 36582.

7. Defendant Swafford & Hays Settlement Services, Inc. is a Tennessee corporation that engages in the closing of mortgage loan transactions throughout Alabama and the Southeast.

8. Plaintiffs' claims are asserted with respect to alleged violations by Defendant and/or any of its predecessors, subsidiaries, divisions, and entities for which Defendant has successor liability.

## III. JURISDICTION AND VENUE

9. Plaintiffs seek relief under RESPA and, therefore, federal question jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

10. Personal jurisdiction and venue in this district are proper under 28 U.S.C. §§ 1381(b) and 2614, because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district, in that the real property involved in Plaintiffs' mortgage loan transaction is located in this district.

## IV. BACKGROUND

### RESPA - AN OVERVIEW

11. In the early 1970's, Congress became concerned about predatory lending practices in the housing industry, and in 1974 enacted a remedial consumer protection statue, RESPA, "to

ensure that consumers throughout the Nation are . . . protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a).

12. As Congress has indicated, the purpose of RESPA is, *inter alia*, "to effect certain changes in the settlement process for residential real estate that will result . . . in the elimination of . . . fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(a) and (b).

13. Congress' desire to eliminate excessive settlement fees is manifested in Section 8 of RESPA, which prohibits kickbacks and fee-splits related to real estate settlement services as follows::

> **§ 2607 Prohibition Against Kickbacks and Unearned Fees**
> a) <u>Business Referrals</u>. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
> b) <u>Splitting Charges.</u> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

14. The United States Department of Housing and Urban Development ("HUD") has issued implementing regulations for RESPA which define "settlement service" as "any service provided in connection with a prospective or actual settlement, including . . . [the] rendering of credit reports and appraisals." 24 C.F.R. Part 3500.2.

**Defendant's Violation of RESPA**

15. As part of the closing and settlement process for a residential mortgage loan, Swafford & Hays Settlement Services, Inc., is requested by the lenders as a matter of course to perform certain settlement services with respect to each borrower.

16. Swafford & Hays Settlement Services, Inc. as a matter of course obtains settlement services from third party providers.

17. On the HUD 1 settlement statement, Swafford & Hays Settlement Services, Inc. shows charges to the borrower for these settlement services as part of the borrower's closing costs and collects the said charges from borrowers.

18. The charges shown on the HUD-1 and paid by the borrowers are inflated, duplicative and/or marked up by the defendant which retains the difference in charges as unearned fees.

19. These settlement services are provided to Swafford & Hays Settlement Services, Inc. by the third party providers and Swafford & Hays Settlement Services, Inc., does not perform any additional services related to such settlement services obtained and, accordingly, the additional fees being charged by Swafford and Hays Settlement Services, Inc. for said services are for "other than for services actually performed."

20. Hence, Swafford & Hays Settlement Services, Inc. charged Plaintiffs and the Class an excessive and unearned fees for settlement services.

21. Defendant's acceptance of excessive and unearned fees from its customers is in direct violation of RESPA and, depending upon the precise payment arrangements between Swafford & Hays Settlement Services, Inc. and the third party providers, Defendant's conduct represents either an illegal "markup/fee split" or an illegal "kickback" under RESPA. Plaintiffs, accordingly, plead in the alternative.

22. As part of the closing and settlement process for a residential mortgage loan Defendant as a matter of course, inflates the recording fees charged to its customers and retains the difference between the actual fees charges by state recording officials as additional unearned fees.

23. These fees are often indicated to be paid to "clerk of the court". On information and belief this fee is "split" between Swafford & Hays Settlement Services, Inc. and the appropriate governmental authority in charge and responsible for the recordation of the plaintiff's mortgage. The portion of the fee retained by Swafford & Hays Settlement Service, Inc. is an improper markup or is a kick back made in connection with the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for service actually performed.

24. Defendant's acceptance of and concealment of excessive and unearned fees from its customers for the recordation of their mortgages is in direct violation of RESPA and, depending on the precise payment arrangements between Swafford & Hays Settlement Services, Inc. and the governmental authorities represents either an illegal markup/fee split or an illegal kick back under RESPA. Plaintiffs, accordingly plead in the alternative.

25. Swafford & Hays Settlement Services, Inc. continues to charge unearned fees for settlement services in connection with its real estate settlement services and, upon information and belief, have no plans to discontinue accepting such charges.

26. Plaintiffs Johnny and Dawn Saucida obtained a home mortgage loan from Homeowners Loan Corp., which closed on or about November 19, 2004. As indicated on Mr. and Mrs. Saucidas' HUD-1 Settlement Statement, Swafford & Hays Settlement Services, Inc.

charged and collected from Mr. and Mrs. Saucida unearned fees for settlement services and recording fees.

27. As set forth above, various settlement services were actually obtained from third party providers and the actual cost was marked up and charged to Plaintiffs. Also the charges for recording fees were inflated and marked up. The higher charges imposed upon Plaintiffs by Swafford & Hays Settlement Services, Inc. represented mark-ups of the true cost for said services and recording fees and provided excess and illegal profits to Defendant.

## V. CLASS ACTION ALLEGATIONS

28. This is a class action filed on behalf of all residential borrowers, nationally, who received settlement services from Swafford & Hays Settlement Services, Inc. (including its predecessors, subsidiaries, divisions, and entities for which Swafford & Hays Settlement Services, Inc. has successor liability). Upon information and belief, the scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

29. The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business.

30. The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. It is believed, based upon Defendant's representations in public records, that the Class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that Class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

31. The representative of Plaintiffs' claims are typical of, if not identical to, the claims of the Class. Plaintiffs received settlement services from Swafford & Hays Settlement Services, Inc., which included the same excessive and unearned fees imposed upon each and every Class member.

32. The representative Plaintiffs will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the Class. Each Plaintiff is aware that he cannot settle this action without Court approval. Each Plaintiff's interest in this action is antagonistic to the to the interest of the Defendant, and each will vigorously pursue the claim of the Class.

33. The representative Plaintiffs have retained counsel who are competent and experienced in consumer fraud class action litigation, and have successfully represented consumers in complex class actions. Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

34. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of permissible damages and declaratory relief is sought for the Class.

35. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues. These common questions of law and fact include:

> a) Did Defendant mark-up the costs of settlement services without themselves providing actual, necessary, and distinct services and/or did Defendants otherwise engage in a "fee split," in violation of RESPA?
>
> b) Did Defendants engage in a "kickback" scheme, resulting in excessive settlement charges to the Class, in violation of RESPA?
>
> c) What measure of damages is appropriate?

d) What declaratory or injunctive relief is appropriate?

36. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy. The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Trial of Plaintiffs' claims is manageable. Unless a class is certified, Defendants will retain excessive and unearned fees improperly accepted from class members.

38. Unless a class-wide injunction is issued, Defendant may continue to commit violations against residential mortgage borrowers.

39. The representative Plaintiffs will seek to identify all class members through discovery as may be appropriate and will provide to the class such notice of this action as the Court may direct.

40. Defendant is in sole possession of the information regarding the cost of the settlement services it was charging borrowers, and actively misled Plaintiffs and the class, by disseminating fraudulent HUD-1 settlement statements that were calculated to deceive Plaintiffs and the class regarding: 1) who was providing the services related to the abstracts and title searches; 2) how the fee for those services was truly being allocated; 3) to whom payments for recordation of mortgages was being made; and 4) in what amounts.

41. The fact that the charges imposed on Plaintiffs for settlement services were marked up, was unknown to, and essentially unknowable by, Plaintiffs and the proposed class members because Defendant's costs for providing or obtaining the services were not available to or discoverable by Plaintiffs and the proposed class members, and Defendant actively deceived Plaintiffs and the class about whom was providing these services and the fact that borrowers who closed loans using Swafford & Hays Settlement Services, Inc. were being overcharged. The unknown and inherently unknowable nature of Defendant's unlawful charges did not give Plaintiff any reason to inquire, investigate, or discover Defendant's wrongdoing. As a practical reality, it was impossible for persons closing on residential loans to detect Defendant's unlawful violations.

42. Defendant's scheme and misconduct was, by design and in practice, inherently self-concealing. Defendant knew Plaintiffs and the proposed class members could not determine whether or not the fees they were charged were marked up or unreasonably high.

43. Plaintiffs and the proposed class members have acted with due diligence with respect to their rights. The facts that support Plaintiffs' causes of action were not knowable to Plaintiffs or proposed class members until shortly before the filing of the Complaint in this action.

44. Specifically, Plaintiffs reviewed all relevant loan documents and actively participated in all aspects of the loan transaction at issue but nonetheless did not discover, and could not reasonably have been expected to discover, that some of the information set forth in the HUD-1's relating to fees paid to the clerk of court and abstract or title search charges was false and misleading.

## COUNT I

### VIOLATIONS OF RESPA - SECTION 8(b)

45. Plaintiffs reallege the allegations of paragraphs 1 through 41 by reference as if set out here in full.

46. Plaintiffs' loan, as well as the loans of the class members, are federally related mortgage loans within the meaning of RESPA.

47. Defendant violated RESPA, Section 8(b), 12 U.S.C. § 2607(b), and related federal regulations and interpretations by accepting and/or giving a charge made or received for a real estate settlement service other than for services actually rendered.

48. HUD has interpreted Section 8(b) as prohibiting "unearned fees" when (among other things) "one settlement service provider marks up the costs of the services performed or goods provided by another settlement service provider without providing actual, necessary, and distinct services, goods, or facilities to justify the additional charge." HUD Statement of Policy 2002-1, 66 Fed. Reg. 53, 052, 53, 407-58 (Oct. 18, 2001) (the "Policy Statement").

49. Plaintiffs and other class members are persons "charged for the settlement service involved in the violation", and each such Plaintiff and other class members are entitled to damages from Defendant "in an amount equal to three times the amount of any charge paid for such settlement services." RESPA Section 8(b)(d)(2), 12 U.S.C. § 2607(d)(2).

50. Plaintiffs and other proposed class members paid fees to Defendant under a mistake of fact resulting from Defendant's failure to disclose that their fees for settlement services were excessive and unearned, as set forth above.

## COUNT II

### VIOLATIONS OF RESPA - SECTION 8(a)

51.  Plaintiffs reallege the allegations of paragraphs 1 through 48 by reference as if set out here in full.

52.  Defendant violated RESPA, Section 8(a), 12 U.S.C. § 2607(a), and related federal regulations and interpretations by accepting and/or giving a fee, kickback, or thing of value in exchange for the referral of real estate settlement services.

53.  Plaintiffs and other class members are persons "charged for the settlement service involved in the violation", and each such Plaintiff and other class members are entitled to damages from Defendant "in an amount equal to three times the amount of any charge paid for such settlement services." RESPA Section 8(b)(d)(2), 12 U.S.C. § 2607(d)(2).

**WHEREFORE**, on all asserted causes of action against Defendant, Plaintiffs and the class respectfully request judgment against Defendant as follows:

A)  For an order certifying this action may be maintained as a class action, as above defined, under Fed.R.Civ.P. 23(a) and 23(b)(3);

B)  For an order appointing Plaintiffs as representatives of the class;

C)  For an order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.P. 23;

D)  For an order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time after discovery and dispositive motions have been resolved;

E)  For violating RESPA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for treble damages;

F)  For declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

G)  For reasonable attorneys' fees as provided by law and statute;

H)  For pre-and-post judgment interest as provided by law in an amount according to proof at trial;

I)     For an award of costs and expenses incurred in this action; and

J)     For such other relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_/s/ George R. Irvine, III_   (IRVIG4725)
GEORGE R. IRVINE, III
Attorney for Plaintiffs
STONE, GRANADE & CROSBY, P.C.
7133 Stone Drive
Daphne, Alabama 36526
Telephone:  (251) 626-6696
Facsimile:  (251) 626-2617
E-Mail:  gri@sgclaw.com

_/s/ Kenneth J. Riemer_   (RIEMK8712)
KENNETH J. RIEMER
Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
E-mail:  kenneth.riemer@kenriemerlaw.com

_/s/ Earl P. Underwood, Jr._   (UNDEE6591)
EARL P. UNDERWOOD, JR.
Attorney for Plaintiffs
Post Office Box 969
Fairhope, Alabama 36533
Telephone:  (251) 990-5558
Facsimile:  (251) 990-0626
E-Mail:  epunderwood@alalaw.com